**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Rybski, | ) | No. CV-12-751-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Home Depot USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case comes before the Court on the parties' Stipulated Motion to Continue Expert Disclosure Deadlines, filed on October 15, 2012. (Doc. 33)

The parties seek extensions of the Rule 26(a)(2) expert disclosure deadlines, established in the May 10, 2012 Rule 16 scheduling order. Plaintiff requests an expert disclosure extension to December 7, 2012; for Defendant to make his disclosures by January 18, 2013; and for Plaintiff to reveal any rebuttal disclosures by February 18, 2013. (*Id*. at 1) Currently, Plaintiff's deadline for disclosure of expert testimony and reports is due by Thursday, November 1, 2012; Defendant's disclosures are due by December 7, 2012; and Plaintiff's disclosure of true rebuttal expert testimony is due by January 11, 2013.

The basis for the requested extensions is the parties have scheduled a private mediation for November 5, 2012. Their stipulation notes "[t]he extension of the expert deadlines will not impact any other discovery deadlines in this matter . . . [and] [t]here will be no prejudice to any party as a result of these extensions, and the extensions are not being sought for vexatious purposes or to delay." (*Id*.) "Most importantly, although no firm trial date has been set, the parties do believe that these extensions will not cause any unreasonable

1  delay in setting such a date as the parties are merely seeking an extension of the expert
2  disclosure deadlines and no other discovery deadlines are affected." (*Id*. at 1)

3  Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers
4  the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations*, 975
5  F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial scheduling order
6  "if [the expert disclosure deadline] cannot reasonably be met despite the diligence of the
7  party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983
8  amendment). Although the existence or degree of prejudice to a party opposing the
9  modification, if any, might supply additional reasons to deny a deadline extension motion,
10 the focus of the inquiry is upon the moving party's reasons for seeking modification. If that
11 party was not diligent, the inquiry should end. *Johnson*, 975 F.2d at 609.

12 "The Federal Rules of Civil Procedure provide in no uncertain terms that a scheduling
13 order 'may be modified only for good cause and with the judge's consent.'" *Grabowski v.*
14 *Skechers U.S.A., Inc*., 2011 WL 671808, at *1 (S.D. Cal. Feb. 17, 2011) (quoting
15 Fed.R.Civ.P. 16(b)(4)). Scheduling orders "are the heart of case management," *Koplve v.*
16 *Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986), and are intended to alleviate case
17 management problems. *Johnson*, 975 F.2d at 610. "In these days of heavy caseloads, trial
18 courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution
19 of cases." *Wong v. Regents of the Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties
20 must understand that they will pay a price for failure to comply strictly with scheduling and
21 other orders[.]" *Id*. As U.S. District Judge David G. Campbell has written in denying a
22 stipulated request to extend Rule 16 deadlines, due to "[t]he torrent of civil and criminal
23 cases unleashed in recent years has threatened to inundate the federal courts, deliverance has
24 been sought in the use of calendar management techniques. Rule 16 is an important
25 component of those techniques." *Soilworks, LLC v. Midwest Indus. Supply, Inc*., 2008 WL
26 629036, at *1 (D. Ariz. March 5, 2008) (*Johnson*, 975 F.2d at 611) (internal quotation marks
27 omitted).

28

1    The parties' stipulation misses the mark of demonstrating sufficient "good cause" necessary to warrant modifying the scheduling order. It provides no information, much less good cause, why private mediation was not, or could not have been, scheduled in the six months since the scheduling order was established and prior to the current mediation date of November 5, 2012, especially considering the cadre of qualified private mediators in the Phoenix legal community. Moreover, expert disclosures are usually a key component for any mediator, trial attorney, and insurance representative to fairly evaluate a lawsuit such as this one and seemingly should have been disclosed before any mediation.

At the May 10, 2012 scheduling conference, counsel were specifically forewarned, both orally and in the scheduling order itself, that the scheduling deadlines, agreed-upon by counsel, "are **real**, **firm**, and, . . . **will not be altered** except only upon a showing of good cause and by leave of the assigned trial judge." (Doc. 13 at 2) (emphasis in original). The issue of scheduling a private mediation or a settlement conference was directly addressed at the conference and in the scheduling order.

> Counsel indicate they may participate in private mediation and do not request a settlement conference before another U.S. magistrate judge later this year after engaging in some meaningful discovery. Counsel are informed, however, that *any delay in scheduling or concluding private mediation, settlement conference, or settlement negotiations themselves do not constitute good cause to continue, modify or extend the deadlines set herein*.

(*Id.*) (emphasis added). The District Court of Arizona and other district courts have concluded that settlement conferences or discussions do not constitute good cause to modify a scheduling order. *Lehman Bros. Holdings, Inc. v. Golden Empire Mortg., Inc*., 2010 WL 2679907 (E.D. Cal. July 2, 2010) ("[T]he parties' willingness to settle this case is admirable. However, settlement discussions generally are not an 'unanticipated' development[,]" and do "not constitute good cause to modify the Scheduling Order."); *Brooks v. Eclipse Recreational Vehicles, Inc.*, 2009 WL 1616017, at *2 (D. Ariz. June 9, 2009); *Oliver v. M/V BARBARY COAST*, 2012 WL 642342, at *1 n.2 (S.D. Ala. Feb. 28, 2012) (citing cases confirming the "[c]onclusion—that engagement in, even serious, settlement negotiations does not establish good cause to extend deadlines absent a showing of due diligence—is

1  well-supported.") (citations omitted).

2  The Court's May 10, 2012 Rule 16 scheduling order and Local Rule ("LRCiv")83.10[1]
3  could not be more clear. The parties' settlement negotiations or mediation do not constitute
4  good cause to continue the Rule 16 deadlines.

5  Accordingly,

6  **IT IS ORDERED** that parties' Stipulated Motion to Continue Expert Disclosure
7  Deadlines, doc. 33, is **DENIED**.

8  Dated this 17th day of October, 2012.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[1] LRCiv 83.10 provides in relevant part that "[a]lternative dispute resolution shall not be offered as a reason to delay the processing of the case as established in the Rule 16 scheduling order."

- 4 -